UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHONDA R. HANNAH,

               Plaintiff,

       v.

ONE COMMUNICATIONS CORP.,

               Defendant.
_____

REPORT & RECOMMENDATION

08-CV-6567L

      By Order of Hon. David G. Larimer, United States District Judge, dated February 26, 2009, all pretrial matters excluding dispositive motions in the above-captioned case have been referred to this Court. (Docket # 7). Plaintiff Shonda Hannah ("Hannah") has filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging that defendant One Communications unlawfully terminated her employment on the basis of her race. (Docket # 1). Currently pending before this Court are motions by Hannah to amend her complaint and to join three new party plaintiffs to this lawsuit, in addition to a request for documents.[1] (Docket # 18). Defendant opposes both motions. (Docket # 24).

      Here, Hannah seeks to amend her complaint to include her rebuttals to certain statements allegedly made in a decision by the New York State Division of Human Rights. At the time she filed this suit, Hannah attached to her complaint a copy of a letter she wrote to the

---

[1] That request is entitled "Motion to Third Party Actions" and seeks an order from this Court directing defendant to provide information about other African-American employees who were terminated by defendant, records of lawsuits filed against defendant since 2005 and certain phone records. (Docket # 18). This motion seeks the same documents that Hannah properly sought in a subsequently filed Request for Production of Documents, to which defendant responded and represented that it would provide Hannah during discovery. (Docket # 26). Having not received any communication from Hannah indicating that the requested documents remain outstanding, that portion of her motion is therefore denied as moot.

Division of Human Rights containing the same rebuttal statements. Thus, Hannah's proposed amendments are redundant. Accordingly, I recommend that the District Court deny her motion to amend the complaint on that basis. *See* Fed. R. Civ. P. 12(f) (affording the court discretion to "strike from a pleading . . . any redundant . . . matter").

In addition, Hannah has submitted the affidavits of two former employees of defendant and one current, anonymous employee and seeks to join all three as party plaintiffs to the current suit. (Docket # 18). As defendant has noted in its opposition, none of the employees' affidavits express a desire to join the pending suit, nor has Hannah made any showing that any of the putative plaintiffs' alleged claims arise from "the same transaction, occurrence or series of transactions or occurrences" and share questions of law or fact common with her lawsuit. *See* Fed. R. Civ. P. 20(a)(1). Therefore, I recommend that the District Court deny Hannah's motion to add parties.

## **CONCLUSION**

For the foregoing reasons, it is my recommendation that the district court deny Hannah's motion to amend her complaint and to join parties **(Docket # 18)**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December  9 , 2009

2

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       December __9__, 2009